**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MUHAMMAD KARIM, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-cv-00900-M |
| DILLARD TEXAS FOUR-POINT, LLC, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Defendant's Motion for Summary Judgment (ECF No. 67) is **GRANTED**.

### I.   Factual Matters[1]

On July 24, 2022, an African American family composed of Plaintiffs Muhammad Karim, Ebony Sandidge-Karim, and their ten-year-old son, Jasir Karim, went shopping at Defendant Dillard Texas Four-Point, LLC's store ("Dillard's") in the NorthPark Center in Dallas, Texas. ECF No. 31 ¶¶ 7, 12; ECF No. 77 at 47. As Muhammad tried on clothes in the fitting room, Homer Bruer, a Dillard's associate, closely followed Ebony and Jasir as they shopped. ECF No. 77 at 6, 94.

As Jasir passed by him, Bruer looked Jasir in the face and said, "fucking niggers." *Id.* at 95. He also said "motherfuckers," apparently referring to the Plaintiffs. Bruer went to fold clothes, while Jasir, crying, told Ebony and Muhammad, who had left the changing room in unpurchased Dillard's clothes, what was said. *Id.* at 48–50, 95. Plaintiffs reported Bruer's comments to a nearby employee, who called the Sales Manager. *Id.* at 195–96. Bruer originally

---

[1] The Court assumes the accuracy of the Plaintiffs' version of the facts.

1

denied making the reprehensible racist comment. *Id.* at 196.

Muhammad went to address Bruer and noticed Officer Doherty, a Dillard's employee and off-duty police officer, staring at him. *Id.* at 51–52. Muhammad confronted Bruer and their encounter was recorded by the Plaintiffs' friend, Aisha Kelly.[2] *Id.* at 169–71. Doherty was wearing tactical gear, including a bullet proof vest, chemical spray, a taser, handcuffs, and a handgun, and his presence intimidated Plaintiffs. *Id.* at 96, 227. Plaintiffs made no purchases on July 24, 2022, because of Bruer's comments and Doherty's presence. *Id.* at 10, 19, 53–54. They were followed by Doherty until they left NorthPark.

Disoriented by the sequence of events, Muhammad wore unpurchased clothes out of Dillard's, which he returned to purchase the next day. *Id.* at 59. Plaintiffs made no other purchases. On July 25, 2022, Bruer admitted to making the racist statement to Jasir and was terminated. *Id.* at 119–120, 195–96, 268.

Plaintiffs assert a claim of race discrimination in violation of 42 U.S.C. § 1981's protection of their right to enjoy the benefits and privileges of contract. ECF No. 31 ¶¶ 54–61.

## II.     Legal Standard

A court must grant summary judgment when the evidence, viewed in the light most favorable to the nonmovant, shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists if evidence shows that "a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant has the initial burden to provide the basis

---

[2] The recording was submitted to the Court. It shows Muhammad calmly addressing Bruer for approximately three minutes as Ebony watches.

for the summary judgment motion by citing to the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this initial burden, the nonmovant must "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue." *Id.* at 324 (internal quotations omitted). If the nonmovant fails to do so, the movant is entitled to summary judgment. *Id.* at 331.

### III. Analysis

Section 1981 does not supply "a general cause of action for race discrimination." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021) (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003)). It bars race discrimination in contracting, and guarantees to all persons within the jurisdiction of the United States the "same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). It defines the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

To succeed on their claims, Plaintiffs must show that (1) they are members of a racial minority; (2) Dillard's intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcing of a contract. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). "Any claim brought under § 1981 . . . must initially identify an impaired contractual relationship under which the plaintiff has rights." *Perry*, 990 F.3d at 931 (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (cleaned up)). A § 1981 claim fails as a matter of law if the plaintiff lacks "rights under the existing (or proposed) contract that he wishes 'to make and enforce.'" *Domino's Pizza, Inc.*, 546 U.S. at 479–80 (quoting 42 U.S.C. § 1981).

Binding Fifth Circuit precedent requires the Court to grant the Defendant's Motion for Summary Judgment. In *Arguello v. Conoco, Inc.*, 330 F.3d 355 (2003), Arguello and her father, Govea, entered a Conoco store, intending to buy beer. A store clerk acted rudely and discriminatorily towards Arguello before and as she checked her out. Seeing this, Govea became frustrated and left the beer he was holding and intending to purchase on the counter before he exited the store. After Arguello checked out, tensions escalated, and the clerk made racially derogatory remarks and crude gestures and finally locked Govea out of the store.

The Fifth Circuit explained that to survive summary judgment on a § 1981 claim in the retail context, a plaintiff must show evidence of actual prevention, and not mere deterrence, of an attempt to purchase goods or receive service. Govea could not show evidence that he made "some tangible attempt to contract" that was "thwarted" by the defendant, leading the court to affirm the lower court's summary judgment for Conoco. *Id.* at 358. "Although [Govea's] decision to abandon his purchase resulted from [the clerk's] mistreatment of his daughter, [the clerk] did not actually interfere with an attempted purchase." *Id*. at 359.

Similarly, Plaintiffs here do not present evidence of any tangible attempt to contract that was thwarted by Dillard's. There is no evidence that any Plaintiff communicated to any Dillard's employee the Plaintiffs' intention or desire to purchase any product. It follows that there is no evidence that any Dillard's employee thwarted the Plaintiffs' right to purchase any goods.

Plaintiffs argue that they made "several steps in their attempt to purchase," but none of Plaintiffs' actions or words manifested a tangible attempt to contract with Dillard's. Plaintiffs also argue that Officer Doherty's presence forced them from the store and prevented their purchase. Assuming this is true, it does not overcome the absence of evidence that Plaintiffs

ever expressly indicated to any Dillard's employee their intention to purchase any good, and Plaintiff Muhammad ultimately paid for what he left the store in and in so doing, showed he desired to buy.

But for *Arguello*, the outcome might be different.

### IV.  Conclusion

Defendant's Motion for Summary Judgment (ECF No. 67) is **GRANTED**.

**SO ORDERED**.

June 6, 2024.

*[signature]*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE